MEMORANDUM **
Kenneth W. Foose, a Nevada state prisoner, appeals from the district court’s judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We affirm.
DISCUSSION
Foose claims his constitutional due process rights were violated when the state trial court admitted evidence of prior acts of misconduct. Contrary to the state’s contention, this claim was properly exhausted. See Chambers v. McDaniel, 549 F.3d 1191, 1195-99 (9th Cir.2008) (concluding under similar circumstances that the Nevada Supreme Court’s denial of a petition for extraordinary writ satisfies the federal exhaustion requirement).
On the merits, Foose’s contention that he is entitled to federal habeas relief because the state trial court admitted propensity evidence has been rejected by this court. See Mejia v. Garcia, 534 F.3d 1036, 1046 (9th Cir.2008), cert. denied, — U.S. -, 129 S.Ct. 941, 173 L.Ed.2d 141 (2009); Alberni v. McDaniel, 458 F.3d 860, 863-67 (9th Cir.2006). We explained in those cases that Estelle v. McGuire, 502 U.S. 62, 75 n. 5,112 S.Ct. 475, 116 L.Ed.2d 385 (1991), expressly reserved deciding whether admission of propensity evidence violates due process. Accordingly, a state court’s decision rejecting such a claim cannot be said to be contrary to, or an unreasonable application of, “clearly established Federal law, as determined by the Supreme Court of the United States.” See 28 U.S.C. § 2254(d).
To the extent Foose seeks to raise additional uncertified issues or expand the certificate of appealability, we deny the motion. See 9th Cir. R. 22-l(e); see also Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.